## KENNEDY v. W. MANSHIP AND OTHERS.

1. A set-off by the maker of a promissory note, against an intermediate endorser, cannot be allowed, unless there is a contract between the parties, so as to allow it, founded on some new consideration.
2. Whether evidence of the declaration or admissions of the intermediate endorser can be admitted to show such a contract. *Quere?*

Writ of error to the Circuit Court of Wilcox County.

ACTION of assumpsit by Kennedy as the endorser against Manship and two others, as the makers of a promissory note: pleas non-assumpsit, payment, and set off. The note sued on was payable to one Burton, and by him endorsed to one Hanks, and by him endorsed to Kennedy. At the trial, the defendant, Manship offered a note made by Hanks to one Holly or bearer, dated 28th August, 1837, due, and belonging to Manship. This note was admitted in evidence against the objection of Kennedy, and the Circuirt Court instructed the jury that if this note belonged to Manship previous to the transfer (of the note sued on) to the plaintiff by Hanks, and if the latter had made an express arrangement to set-off the note against the other, then the set-off must be allowed, and the statements of Hanks were admissible as evidence to prove such arrangement. The admission of the set-off and the charge of the Court was excepted to by Kennedy, who assigns the same for error.

PROCTOR, for the plaintiff in error.

GOLDTHWAITE, J.—The principal question to which our attention has been called, arose in the case of Stocking v. Toulmin, (3. Stewart and Porter 35,) and this Court then determined that the maker of a note could not be permitted to set-off a demand against an intermediate endorser. This case differs from that, as the charge of the Circuit Court assumes

that evidence was before the jury of an express arrangement between the parties that one note should be set-off against the other; and from this circumstance the present case is somewhat similar to that of Farnsworth v. Richardson, (1. Stewart 55,) in which it was held that a payment made to an intermediate endorser was a good defence to the action. It is also similar to the case of Fergurson v. Hill, (3. Stewart 485,) when the maker was allowed to plead in abatement, that a further day of payment was given by a new contract, founded on a sufficient consideration, and made by him with an immediate endorser.

The opinion of the Court, in the latter case, seems to be founded on the supposed equity of the statute of 1812, [Aikin's Digest 326. S. 6,] but the true reason of the decision is pointed out and explained in the subsequent case of Stocking v. Toulmin. However similar these cases might be to the one now under consideration, if any equity could arise from the facts stated so as to bring the statute to bear, it is very clear that in this case there was neither a payment nor a new contract. The charge assumes that some understanding between the parties was had, or in the terms of the instructions given to the jury, an *express arrangement.* Now it is difficult to infer from these terms that a new contract was entered into, by which the note payable to Burton was extinguished, or the contract evidenced by it in any manner changed or modified.

A mere willingness to set off one demand against another, or even an express understanding so to do, without some new consideration to support it as a contract, cannot have the effect to defeat the right of the plaintiff to recover. If such an understanding existed between the parties why was the execution of it deferred, or why should an innocent holder be made the sufferer by the laches of him who has neglected to protect his own interest? Whatever answer might be given to these questions it is sufficient to say that the case of Stocking v. Toulman establishes that no equity arises under the statute of 1812, to let in this set-off. This being the case there must have been a promise to pay the demand, and to extinguish the debt by

recovering it as a set off before it could warrant the charge given by the Circuit Court. See French v. Garner, [7. Porter 549.]

It is unnecessary to express any opinion on the charge of the Court with respect to the effect of statements made by Hanks, because the exception is so indefinite as to leave the time when these statements were made entirely uncertain. If the statement constituted a part of the *res gesta* of a contract, they might be admissible, but in general, evidence of the declarations of one not a party to the suit, are inadmissible as the individual can, in most cases be examined as a witness.

For the error in the charge to the jury the judgment of the Circuit Court is reversed, and the case remanded.