CHISHOLM, USE OF BIGELOW & Co., v. NEWTON & WILEY.

1. The admissions of a *nominal* plaintiff, made after the commencement of the suit cannot be given in evidence, to defeat the claim of the actual party in interest.

Writ of error to the County Court of Sumter County.

ASSUMPSIT by Chisholm to the use of Bigelow & Co., on a promissory note, payable to Chisholm or order Pleas: Non assumpsit; want of consideration; and gaming.

At the trial, evidence was given in behalf of the defendants that Chisholm had admitted that he obtained the note from the defendants for the purpose of its being bet on a horse race, which, however was never run; this admission was made after the commencement of the suit, and after it had been once continued. The court instructed the jury, that if the note was obtained by Chisholm and given by the defendants for this purpose, it was void, and a verdict in that event ought to be found for the defendants. To the admission of this evidence, and to the instructions of the court, the plaintiffs excepted, and assign error on the exception.

THORNTON, for the plaintiff in error, argued: First, That the admissions of the nominal plaintiff were improperly admitted, as he had no interest in the suit, when they were made, and might have been a witness. Frear v. Evertson, 20 John, 142; 5 John. 417; 4 Mass. 156; 15 Mass. 224; Aik. Dig. 262. Second, That as the note was not bet, it was not void under the statute. Aik. Dig. 209.

GOLDTHWAITE, J.—The general principle on which the competency of admissions as evidence rests, is, the interest which the party making them has in the suit, or its subject matter. From this it would seem that the admissions of one who

has no interest in a suit, ought not to be allowed to control it.
It is said by Mr. Starkie in his compilation of the rules of evi·
dence, (2 Starkie on evid. 40) that the admission of a *party on
the record* is always evidence, though he be but a trustee for an-
other, and although it appear from the admission itself that he
is such; for this he cites the case of Bowerman v. Rodenius (7
Term, 663.) This case when examined, does not support the
rule in its great extent, as stated by the commentator. It was
an action brought in the name of one person, when the actual
interest was in another; *to prove the interest of the latter, in
order to let in an admission made by him,* a letter from the
nominal plaintiff was offered, which the judge at *nisi prius* re-
jected, but which was afterwards ruled by the Court of King's
Bench to be competent evidence.

This decision, then, was merely that the admission of the
plaintiff of record, was proper evidence to show the actual in-
terest in the suit was in another, whose admissions ought then to
have been allowed to control the case. This case evidently
does not warrant the conclusion, that the admission of the plain-
tiff on the record, will be allowed to control the case against the
interest of the actual plaintiff, after that interest is disclosed. In-
deed, the reverse of the principle laid down by Mr. Starkie was
ruled in the case of Cowling v. Ely (2 Star. cases 366) where it
was held that the admission of a guardian who was the plaintiff
on the record, was not evidence against the infant.

Although this action is brought in the name of Chisholm, yet,
the admission is made in the record that the interest in the suit
is in Bigelow & Co. If it be said that this interest is only equit-
able, it may be answered that courts of law now recognize and
protect the rights of an equitable assignee, and will not give ef-
fect to a release procured from the assignor after notice of the
equitable assignment; or allow a satisfaction made to him.—
Welch v. Mendeville, (Wheat. 233) Littlefield v. Story, (3 John.
426) Legh v. Legh, (1 B. & P. 447) Raymond v. Squire, (11
John 47) McCullum v. Coxe, (2 Dall. 139.)

To refuse to permit a nominal plaintiff to enter satisfaction, or

give a release, after the assignment, and yet, nevertheless to al-
low him to defeat the right of the assignee, by an admission,
without oath, or cross examination, seems to present a conflict
of principle which we cannot sanction by our decision.

The Supreme Court of New York in the case of Frier v. Ev-
ertson [20 John. 142] decided the precise question now raised
and the influence of this case confirms us in the conclusion that
the evidence was improperly admitted.

The other question is not very distinctly presented by the facts
shown on the record, we therefore decline considering it, the
more especially as the conclusion already arrived at will reverse
the judgment and give the parties the opportunity to present the
facts more fully, before a determination can properly be made,
whether the note was void or voidable only in consequence of
the illegality or the failure of the consideration.

Let the judgment be reversed and the case remanded.