## BROWN v. FOSTER.

1. The negotiable quality of a promissory note is destroyed by the recovery of a judgment against its maker. And no right of action against an indorser can be then transferred to another so as to enable him to maintain an action in his own name.

2. The holder's right of action against an indorser will exist only as an ordinary *chose in action* after the recovery of a judgment against the maker of a note— and it is questionable whether an equitable interest in it can be transferred without an assignment of the judgment.

3. The admission of record by the plaintiff that the suit is brought for the use of another, has no effect against the defendant in the action except to exclude admissions made by the nominal plaintiff pending the suit.

WRIT of Error to the Circuit Court of Tuscaloosa county.

Assumpsit by Brown, who states in his declaration that he sues for the use of Clements against Foster. The plaintiff sues as indorsee of a promissory note, not payable in bank, made by one Atkins, payable to one Beard, by him indorsed to the defendant, and by him to the plaintiff. The declaration contains the averment of suit against the maker, and the return of the execution against him of *nulla bona*. The defendant pleaded non assumpsit, payment and set-off, to which there are replications and issues.

The pleadings are in short by consent of parties.

At the trial the defendant gave in evidence a note made by the nominal plaintiff and himself, and proved that he was se-

curity for Brown, and had paid the same before the commencement of this suit, and before Clements had any interest in the note sued for. Also, a note made by the nominal plaintiff, payable to the defendant, due at a day previous to the commencement of this suit.

The plaintiff objected to the admission of this evidence as a set-off, and excepted to the opinion of the Court overruling his objection. The admission of the set-off is now assigned for error.

CLYDE and MOORE, for the plaintiff in error, insisted, that Clements was the actual plaintiff in this action, and therefore no set-off against Brown could properly be allowed under the act of 1812, [Digest 231.] For all purposes the person who has the beneficial interest in a promissory note must be considered as the plaintiff, and if the set-off would not avail the defendant, if the suit was in Clements' name, it ought not because, from peculiar circumstances, he has been compelled to use that of Brown. The case of Stocking v. Toulmin, [3 S. and P. 43,] is decisive that the maker of a note will not be permitted to set off a demand against an intermediate indorser. The equity of the maker is the one protected by the statute, and the instant that an indorsement is made it creates a conditional liability to every *bona fide* holder of the indorsed paper. If the rule was otherwise, it might happen in this case, that Clements' right to the judgment against the maker would be transferred. Brown, by the operation of this set-off, it being equivalent to a payment, would, by a Court of Equity, be compelled to transfer the judgment to Foster. To show that Courts at this day treat the beneficial owner as the actual plaintiff and allow sets-off against him, they cited Corser v. Craig, 1 Wash. C. C. 427; Wheeler v. Wheeler, 9 Cowen, 34; Frear v. Evertson, 20 John. 142; 2 Phil. Ev. C. & H. notes, 163; 1 B. & P. 447; Green v. Darling, 5 Mason.

That no equities arise except those growing out of the note itself. See Robinson v. Breedlove, 7 Porter, 541; Robertson v. Crenshaw, 2 S. and P. 276; Murray v. Lyle, 2 J. C. R.

PECK & CLARK, contra, contended that there was nothing to bring this case within the influence of Stocking v. Toulmin, or

the subsequent case of Kennedy v. Manship, [1 Ala. Rep. N. S. 43.] There is nothing in this case to show that Clements is either the indorsee or holder of the note. The assertion that the suit is for his use, is a mere designation that the money, if recovered is to go to him—but this proves nothing.

But if he was shown to be the holder the set-off would be proper under the general statute of set-off. [Digest 281, §22.] The suit is in Brown's name, and for this reason the set-off was properly allowed. [Gee v. Nicholson, 2 Stewart, 512; Wheeler v. Raymond, 5 Cowen, 231; 3 N. H. R. 539; French v. Garner, 7 Porter, 544.]

But independent of this, Foster is within the equity of the act authorising the maker of a promissory note to have the benefit of any set-off, &c. against the payee, because he stands in that relation to Brown, being his immediate indorser.

GOLDTHWAITE, J.—1. We think it must be intended from the allegations of the declaration that Brown commenced the suit against Atkins and prosecuted it to judgment in his own name, without any designation of a use to another.

The effect of this suit was to destroy the negotiable quality of the note, which thereby became merged in the judgment and was therefore incapable of further transfer.

Having thus lost its negotiable quality, no right of action from any indorsement on it could be transferred to Clements so as to enable him to maintain an action in his own name. The reason why this cannot be done is. that the maker and the several indorsers are liable for the same debt, though in different modes, and a payment by the maker is a discharge of each of the indorsers. But if one indorsee could obtain judgment against the maker, and afterwards transfer a right of action to another, in one or more of the indorsements, differ-ent plaintiffs would have different judgments for one and the same debt, and it would be difficult if not impossible to ascer-tain which was entitled to satisfaction, or who was discharged by the payment if satisfaction was made. This reason is con-clusive to show that the maker and indorsers of a note cannot be liable to different persons at the same time. [Beek v. Rob-ley, 1 H. B. 89; Marsh v. Newall, 1 Taunt. 109; Randall v. Bell, *Bailey J.* 1 M. & S. 723; Hall v. Gentry, 1 Marshall, 555.]

2. In the present case, Brown's right of action against Foster continued to exist after the judgment recovered against the maker of the note, but it continued merely as an ordinary chose in action—and it may well be questioned whether any equitable right whatever could be transferred without an assignment of the judgment, for it is impossible to conceive of a separate ownership of these liabilities, without an entire subversion of the indorser's right of subrogation consequent upon his payment of the note.

Conceding much force to the argument that the equities existing between Brown and Foster, ought not to affect Clements if the note had not lost its negotiable quality at the time when transferred to him—we will now inquire whether the record discloses when, or the manner by which, Clements obtained an interest in the note.

3. It is not alledged in the record, nor was it in evidence, so far as we can learn from the bill of exceptions, that Brown assigned or transferred the note to Clements at any time previous to the recovery of judgment against the maker, consequently he is not now to be considered as having obtained an interest in it until its negotiable quality was lost by its merger into the judgment.

The only indication of his having an interest in the suit, is the admission made by Brown upon the record, that the action is instituted for his use. This mode of proceeding is quite common with us, and is a convenient mode of informing the defendant that the beneficial interest in the suit is transferred to the person therein named. Besides this, the practice is directly recognized by statute, the plaintiff is made responsible for costs, and the suit will not abate by the death of the nominal plaintiff. [Dig. 262, §22, 259, §3.] Some other unimportant consequences may flow from this mode of proceeding, but we are not aware of any decisions, either here or elsewhere, which gives it any effect against the defendant except to exclude evidence of the admissions *pending the suit*, of the nominal plaintiff. [Chisholm v. Newton, 1 Ala. Rep. 371.] On principle this admission of interest in another seems to stand on the same footing as any other, with the exception that it affords evidence that the defendant is advised of the transfer of the interest in the suit. The counsel for the plaintiff in error has

conceded the set-off would be proper if this suit was in reality as it is in name, the suit of Brown. We think the *onus* remained with him to show that Clements was the real party in interest, and also that the note was transferred to him before its negotiable quality was destroyed in consequence of the judgment recovered against its maker. As this was not done the question so ably argued is not supposed to arise.

Let the judgment be affirmed.