## VICKARS, use, &c., v. MOONEY.

1. The answers of a nominal plaintiff, to interrogatories, exhibited under the act of 1837, "more effectually to provide for discoveries in suits, at common law," are not admissible evidence against the party for whose use the suit is brought.

2. In a case, in which chancery has jurisdiction, for the purpose of relief, the nominal and real plaintiff may be made defendants to a bill, and the former, if a competent witness, examined under an order of the chancellor, at the instance of the complainant.

WRIT of error to the County Court of Montgomery.

This was an action of *assumpsit*, by the plaintiff in error against the defendant. The cause was tried by a jury, who returned a verdict for the defendant, on which a judgment was rendered. The plaintiff excepted to the ruling of the court, in admitting the deposition of Thomas J. Vickars, in whose name the suit was brought for his use, although it appeared that the nominal plaintiff objected to being examined at the instance of the defendant.

FAIR, for the plaintiff in error. Vickars could not have been compelled to give evidence; and his objection to testifying, made his deposition inadmissible. [1 Stewt. & Porter's Rep. 17; 1 Ala. Rep. N. S. 506.] The deposition of a nominal plaintiff cannot be taken under the act of 1837, [Clay's Dig. 341,] nor can his answer to a bill of discovery be read against the real party in interest. Vickars would not be a necessary party to a bill in chancery, by the defendant; and if he was, his answer would not be evidence against a co-defendant; but his evidence could only be admitted under an order from the chancellor to examine him as a witness. To these points he cited 2 Ala. Rep. N. S. 388; 2 Stewt. Rep. 163; 2 Stewt. & Porter's Rep. 361.

N. HARRIS, for the defendant. The act of 1837, if strictly construed, would be limited in its operation to bills of discovery, technically so called; but it should, and has been extended in practice to cases in which courts of equity would not only enforce a discovery, but grant relief. A liberal construction should

13

be given to the statute, so as to enable the courts of law finally to settle legal rights. If this view is not correct, it is suggested that the act of 1837 embraces both the real and nominal plaintiff. It is conceded, that the defendant might examine Vickars, though he was made a party to a suit in equity, jointly with him, for whose use the present action was brought. [See 2 Mad. Chan. 415.] Why not then examine him under the authority of the statute, that litigation may be more cheaply and expeditiously brought to a close ?

COLLIER, C. J.—The act of 1837, " more effectually to provide for discoveries in suits at common law," enacts, that either party in an action at law pending in a circuit or county court, wishing a discovery from the adverse party, to be used in evidence on the trial thereof,may file interrogatories to such party,and call upon him to answer the same in solemn form on his oath or affirmation ; and if it shall appear to the court, by the oath of the party filing such interrogatories, or otherwise, that they are pertinent and material, and such as the adverse party would be bound to answer upon a bill of discovery, the court shall allow such interrogatories, and make an order requiring the same to be answered by the adverse party in writing, on his oath or affirmation.  The answers, thus made and filed, shall be evidence on the trial of the cause to the same purpose and extent, and upon the same condition, in all respects, as if they had been procured upon a bill in chancery for discovery, but no further or otherwise.   If the interrogatories shall not be answered within sixty days after a copy is served on the adverse party, or be answered evasively, the court may attach him and compel an answer in open court, or it may continue the cause and require more explicit answers ; or, if the party to whom the interrogatories may be propounded, be defendant in the action, it may set aside his plea or pleas, and give judgment against him by default ; if he be the plaintiff, may order his suit to be dismissed with costs, as shall, in the discretion of the court, be deemed most just and proper : *Provided*, that, if the party so elect, he may exhibit his bill in chancery for a discovery ; but, if having elected to file interrogatics, he shall not afterwards go into chancery for a discovery touching the same matters.  [Clay's Dig. 341–2, sec. 160.]

In Goodwin v. Wood, [Ala. Rep.] it was determined, that the

object of this statute was to expedite and cheapen the administration of justice, by authorizing a discovery at law, where, in order to obtain it, it was previously necessary to resort to equity; and the answers of the party examined, are only evidence "in the same manner, and to the same purpose and extent, and upon the same condition," as if they had been elicited by a bill of discovery. The question to be considered is, whether the defendant could have exhibited his bill for a discovery against Vickars, and have used his answer as evidence against Alford, the party for whose use the suit was brought. In Chisholm, use, &c., v. Newton & Wiley, [1 Ala. Rep. 371,] this court held, that the admissions of a nominal plaintiff, made after the commencement of the suit, cannot be given in evidence to defeat the real party in interest. See, also, Brown v. Foster, [4 Ala. Rep. 285.] This case is well supported by authority, and the principle it determines must not only apply, where the admissions of the nominal plaintiff are sought to be proved by a third person, but where he testifies in open court, in answer to interrogatories or a bill of discovery. In this view of the matter, it is clear, that a bill of discovery cannot be exhibited by the defendant against one who is merely a plaintiff in name, for the purpose of obtaining his answer to defeat him who is the real suitor; and it results from this conclusion, that interrogatories, under the statute, cannot be exhibited to such a party, or, in other words, that he is not a party within the meaning of the act. A decision, the reverse of this, would put it in the power of the nominal plaintiff to effect a dismissal of the action, by failing to answer the interrogatories.

The facts stated in the deposition show, that the sum for which the note in question was given, was money won by betting on an election, a species of gaming denounced as unlawful by the laws of this State. To enjoin the collection of a note founded upon such a consideration, a court of equity would probably interpose. [See Fenno, et al., v. Sayre & Converse, 3 Ala. Rep. 476.] Vickers would be a proper party to such a bill, together with Alford, and might, upon the order of the chancellor, be examined as a witness at the instance of the complainant; yet it by no means follows, that, because his testimony might be obtained upon a bill for relief, that he may be examined upon interrogatories in a court of law. The letter and spirit of the statute are so

clearly opposed to such an idea, as not to require argument or illustration.

It is conceded by the defendant, that Vickars could not have been compelled to testify as a witness; and, having objected, his deposition could only be read as evidence under the act. We have shown that it is not admissible on that ground; and it follows, that it should have been excluded by the county court.

The consequence is, that the judgment is reversed, and the cause remanded.