## HILL AND ANOTHER v. HILL'S ADM'R.

1. The recital in a decree of the Orphans' Court, that it appeared to the court by "interrogatory," that the personal estate of the intestate was insufficient to pay the debts with which it was chargeable, cannot serve as a substitute for depositions, and does not satisfy the requisitions of the act of 1822, which requires that a sale of the real estate of a deceased person shall not be ordered, where the allegations of the petition are denied, and not sustained by depositions taken as in Chancery cases. If such depositions were before the Orphans' Court, and have been lost, they should be substituted upon due proof.

Writ of Error to the Orphans' Court of Russell.

THE defendant in error, as the administrator of Seaborn Hill, deceased, filed his petition in the Orphans' Court, stating that his intestate died seized in fee simple of a certain tract of land, particularly described; that the personal estate of the intestate was not sufficient to pay the debts with which it was chargeable; that Henrietta Hill is the widow of the intestate, and Arkansas Hill is his only child, and under the age of twenty-one years—both of whom reside without the limits of this State, within the State of Arkansas. Thereupon, it was ordered that T. S. Tate be appointed guardian *ad litem*, of the infant, and that publication be made for four weeks, &c.

The decree of the court recites the foregoing facts, that publication was made as required by the order, that a citation was served on the guardian *ad litem*, who answered, denying the allegations of the petition, "and it appearing to the court by interrogatory, that the personal estate of said intestate is insufficient to pay the just debts." Whereupon it was ordered that the land in question be sold on the terms prescribed in the decree.

I. E. HAYNE, for the plaintiff in error, insisted that the decree was erroneous, because it was not authorized by *written* evidence. [Clay's Dig. 225, § 19.]

No counsel appeared for the defendant in error.

COLLIER, C. J.—It is enacted by a statute passed in 1822, that the Orphans' Court shall not decree or order a sale of the real estate described in the petition, "where the allegations are denied by the answer; unless satisfied by proof to be taken by deposition as in Chancery cases, and filed in the cause." [Clay's Dig. 225, § 19.] This act is so explicit in its terms as to leave no room for doubt as to its meaning, that proof shall be taken in cases like the present, "by depositions as in Chancery cases, and filed in the cause." It does not appear from the transcript, which (we must intend) is a "full and complete copy" of all the entries and orders of the court, as well as all the papers in file, pertaining to the case, that any depositions were ever taken. The recital in the decree, that

it appeared to the court by "interrogatory" that the personal estate of the intestate was insufficient to pay the debts with which it was chargeable, cannot serve as a substitute for depositions; even if such recital furnished a predicate for the conclusion that depositions were once in file. If they were before the Orphans' Court and have been lost, they should have been substituted upon due proof, and made a part of the transcript before us. For the defect of proof, the decree is reversed and the cause remanded.