## SAWYER v. HILL, use, &c.

1. An agreement entered into without consideration, by the maker of a note, with one who at the time is the owner of the note, to exchange it for other notes, then held by the maker against him, cannot be enforced against a subsequent plaintiff, for whose use suit is brought on the note.

Error to the Circuit Court of Shelby.

This was an action of assumpsit, at the suit of the defendant in error. The cause was tried on the general issue, with leave to give any special matter in evidence; a verdict was returned for the plaintiff below, and judgment was rendered thereon. From a bill of exceptions, sealed at the defendant's instance, it appears that proof was offered by him, tending to show, that before the note declared on became the property of the beneficial plaintiff, it was transferred by Hill, the payee, to one Thomas; that while the note belonged to Thomas, the latter agreed with the defendant that he would take two small notes, which defendant held on him, equal in value to to the note sued on, in payment or satisfaction of the same; that defendant was to deliver the two notes to one Hinkle, to whom Thomas was also to deliver the note of which he was the proprietor, and thus make the exchange of paper.

Hinkle was apprised of this agreement, and was the agent of the defendant, to settle the business ; he delivered to Thomas one of the small notes, in liquidation of a book account he had against the defendant, and Thomas refused to take the other small note in any part satisfaction of the note sued on.

There was no evidence that the beneficial plaintiff had notice of the facts proved, when he becamd the proprietor of the note. The defendant's counsel recapitulated the evidence, and prayed the court to charge the jury, that if they believed it to be true, they should find for the defendant. This charge was refused, and the jury were instructed that if they found there was such an agreement, they should allow the defendant the amount of the small note taken by Thomas, but not that which he refused.

T. D. CLARKE, for the plaintiff in error.

B. T. POPE, for the defendant in error, insisted, that neither Hill or Brashear could be affected by any agreement between the defendant and Thomas, which was not executed ; especially, if it was not shown that they had notice of it. Even if the contract had been executed by the defendant, yet if he suffered the note to remain in Thomas's hands, and thus enabled him to pass it off, he would be liable to the plaintiff. There is no *mutuality* or *privity* between the nominal or real plaintiff, and the defendant's claimagainst Thomas. (3 Stewt. & Port. Rep. 35 ; 1 Id. 19 ; 7 Porter's Rep. 543 ; 7 Ala. Rep. 494 ; 8 Id. 896 ; 9 Id. 633.] If the note had been indorsed to Thomas, still the contract between him and the defendant would be inoperative, because it was not supported by a new consideration. (1 Ala. Rep. 43.)

COLLIER, C. J.—In Stocking v. Toulmin, 3 Stew. & P. 35, it was held that the statute which declares that promissory notes may be assigned by indorsement, and that the maker shall be allowed the benefit of all payments, sets off and discounts, had, made or possessed previous to notice of the assignment, in the same manner as if the same had been sued by the payee therein, did not give the right to set off against

a subsequent indorsee, a debt due from an intermediate assignee. And in Kennedy v. Manship, 1 Ala. Rep. 43, it was decided that a set-off by the maker of a promissory note, against an intermediate indorser, cannot be allowed, unless there is a contract between the parties to admit it, founded on some new consideration. The court said, a mere willingness to set off one demand against another, or even an express understanding so to do, without some new consideration to support it as a contract, cannot have the effect to defeat the right of the plaintiff to recover. If such an understanding existed between the parties, why was the execution of it deferred, or why should an innocent holder be made to suffer by the *laches* of him who has neglected to protect his own interest. These cases establish that no equity arises under the act of 1812, to let in as a defence a demand due by an intermediate holder to the maker. So a set-off due to the maker of a note by one who has become beneficially interested in it, without the legal title by indorsement, cannot be enforced, so as to defeat the right of a subsequent indorsee to recover on the note. [Pitts v. Shortridge's Adm'r, 7 Ala. R. 494. See also Sheffield & Co. v. Parmlee, 8 Id. 889; Smith v. Taylor, 9 Id. 633; Robinson v. Breedlove, 7 Porter's R. 543.]

The case at bar is not distinguishable in principle from those cited. If the indorsement of a note by one who was its proprietor, without being its assignee in the mode contemplated by the statute, could free it from the right of the maker to avail himself of a set-off against the person thus indorsing it, we can perceive of no reason why, upon the return of the note to the payee, or its transfer by delivery merely, the same consequence should not follow. A note in the ordinary form, does not, when indorsed, become subject to the law merchant, and the indorsement by one who was its proprietor by delivery would not make out a continuous chain, constituting the indorsee the legal holder from the payee. So that, whether such proprietor deduced a title by indorsement or otherwise, the effect would be the same.

The fact that Thomas agreed to receive of the defendant
73

the two small notes in satisfaction of that declared on, cannot vary the case. This agreement was not founded on any new consideration, and according to Kennedy v. Manship, *supra*, can have no influence against the plaintiff. The ruling of the circuit court was not prejudicial to the defendant below, and its judgment is therefore affirmed.