SYKES, Ex'r &c. *vs.* LEWIS, use &c.

1. A demurrer to a replication may be visited upon the plea, notwithstanding a demurrer to the plea has been previously overruled.
2. In an action on a promissory note by the payee for the use of a *bona fide* transferree from a prior beneficial holder, the maker cannot set-off a demand against the latter, although the note was delivered to him and he was the real owner of it at the time of its execution.
3. The delivery of a bond or note to the party in whom resides the beneficial interest is sufficient, notwithstanding the legal title is vested in another.
4. The declarations of a nominal plaintiff, made after suit brought, are inadmissible in evidence against the party having the beneficial interest.

Error to the Circuit Court of Tuscaloosa. Tried before the Hon. John D. Phelan.

ORMOND & MARTIN, for plaintiff in error:

1. The plea of set-off was good, within the principle decided in Bowen v. Snell, 9 Ala. 481. That case establishes that you may aver that a stranger to the record is the owner of the note, and then plead an off-set against him. · That is the principle involved in this cause. The averment of the plea is, that the note, though on its face payable to Lewis, was never delivered to him, and that he had no right, title or property in it, but that it was the property of Bagby, to whom on its execution it was delivered. The cases of Stocking v. Toulmin, 3 S. & P. 35, and Kennedy v. Manship, 1 Ala. 43, depend on an entirely different principle. The principle on which they rest is that a set-off cannot be made of a debt due from an intermediate holder. But this is the case of a set-off against the original owner, acquired whilst he was such owner, and before Hallett by delivery or otherwise acquired any interest in the bond. It is therefore, if not within the letter, at least within the spirit and equity of the statute. That the statute of set-off is to be liberally and equitably construed, see Winston v. Metcalfe, 6 Ala. 756, and Mitchell v. Burt, 9 ib. 226. The case of Richardson v. Farnsworth, 1 Stew. 55, is in principle the same as this, as there can be no doubt that a payment to Bagby before notice that any other person had acquired an interest in the bond would have been good against Hallett.

2. A delivery is as necessary to vest title to an instrument for the payment of money as to a deed for the conveyance of land, and the charge of the court to the contrary was clearly wrong. We do not contend that there must be an actual *manual* delivery, but the charge of the court is upon the facts, and the judge in effect, if not in express terms, told them they must infer a delivery, in direct opposition to the evidence showing there was no delivery to Lewis, but that the delivery was to Bagby.

3. The court erred in the exclusion of the proof of the declarations of Lewis that the bond was never delivered to him, and that he never had any interest, title or claim to it, and in fact did not know that such a bond existed until it was put in suit without his knowledge. It is true, he might have been examined as a witness, with his consent, (Duffee v. Pennington, 1 Ala. 506); but he refused to testify voluntarily, and as a party to the record it is clear on general principles his admissions were competent. This evidence is not open to the objection that Lewis was called to depreciate a title which he had himself conveyed to the beneficial plaintiff. The cases of Chisholm v. Newton and Wiley, 1 Ala. 371, and Copeland and Lane v. Clarke, 2 ib. 388, where it was held that the admissions of the *nominal* plaintiff could not be given in evidence to defeat the *beneficial* plaintiff, evidently proceed on the principle just stated, otherwise they would rest on no sound principle, as the general rule certainly is that the admissions of a party to the record may always be given in evidence, and this upon the ground that he cannot be compelled to testify; and the reason is certainly the same where he refuses to testify. The case of Frear v. Evertson, 20 Johns. 142, shows the true ground upon which the exclusion of the admissions of the nominal plaintiff rests. We refer the court to Bauerman v. Radenius, 7 Term Rep. 663, for a full and masterly explication of the rule. See also Greenl. Ev. §§ 171-2-3, 329-30, 353-4; Worrall v. Jones, 7 Bing. 177; Rowlandson v. Wainright, 8 Ad. & El. 691; Sally, use &c. v. Gooden, 5 Ala. 78.

PECK, for the defendant:

I. The plea filed the 15th August 1848 is bad—1. For uncertainty : It avers the paper sued on (a sealed note) was made payable to the defendant in error by *fraud or mistake*. On this

Sykes, ex'r, v. Lewis, use &c.

statement, the court cannot know whether it was the one or the other, and therefore it amounts to no averment that it was either. 1 Ch. Pl. 236, 320 ; Prigmon v. Thompson, Minor, 420.

2. It is bad for insufficiency: If made payable to the defendant in error by fraud, it should have stated in what the fraud consisted and by whom perpetrated.—Giles v. Withers, 3 Ala. 316. If by mistake, it would constitute no defence at law; it could only be made available by a bill in equity to correct the mistake.—Hogan et al. v. Smith, — Ala. 600.

3. It is bad because it does not aver that Bagby is the real owner of the paper, that Hallett is a mere simulated party, and that the suit was brought for his use, for the fraudulent purpose of defeating the alleged set-off.—Bowen v. Snell, 9 Ala.; same case, 11 ib. 379.

4. If all that is stated in the plea be true, it constitutes no defence; it shows no right of set-off.—Clay's Dig. 338, § 141; Stockin v. Toulmin, 3 S. & P. 35 ; Kennedy v. Manship, 1 Ala. 43; Gary, use &c. v. James, 7 ib. 641; French v. Garner, 7 Port. The act of 1812 (Clay's Dig. 381, § 6,) has no application to this case.—3 S. & P. *supra.*

5. The plea being bad, the demurrer to the replication was properly visited upon it, although a demurrer had before been filed to the plea and overruled.—Cummins v. Gray, 4 S. & P. 397; Donnell v. Jones et al., 13 Ala. 500.

6. The evidence did not sustain the plea of *non est factum;* the court therefore properly charged the jury to that effect. The execution of the paper was admitted, and the only objection taken was to the delivery. The evidence showed there was neither fraud nor mistake in making it payable to the defendant in error; that it was intended to be delivered to Bagby at the time it was made, and was accordingly delivered to him in the presence of the plaintiff's testator, without objection. On the subject of delivery, I refer the court to 1 Phil. Ev. 467, and note 888 ; 3 ib. 1281; 2 Greenl. Ev. § 297; Gorgier v. Mienille, 10 Eng. Con. Rep. 16. The paper sued on is to be treated as a promissory note ; it is made payable to Lewis or bearer.— Bank of St. Clairville v. Smith & Wells et al., 5 Ohio R. 222. In declaring on a promissory note, it is not necessary to aver a delivery, and consequently not necessary to prove it.—Russell v. Whipple, 2 Cowen 536. Hieneccius declares the affixing a

seal to such an instrument as a mere superfluity.—Story on Promissory Notes, § 55.

7. The evidence of the declarations of the nominal plaintiff, Lewis, offered to be proved, were properly rejected, because they were made after Hallett, for whose use the suit was brought, had acquired the beneficial interest in the debt sought to be recovered.—Roberts v. Traywick et al., 13 Ala. 68, 79, 80.

CHILTON, J.—This was an action of covenant brought by the defendant in error against Benjamin Sykes, as executor of the last will and testament of Benjamin Sykes, deceased, to recover upon a note under seal, whereby the testator in his lifetime " promised, on or before the first day of January 1846, to pay to Richard H. Lewis, (the plaintiff below,) or bearer, two thousand dollars in the paper of the Bank of the State of Alabama, or any of its branches; dated the first of April 1843." The suit was brought to the use of William R. Hallett. The defendant below pleaded several pleas, but as no point is raised upon any of them except one, so far as the pleading is concerned, we shall only notice that—we mean the fourth plea, which reads as follows: " And the said defendant, by leave of the court, &c. comes and defends, &c., and says actio non, &c., because he says that the said Lewis, to whom the writing obligatory in the declaration mentioned is made payable, and in whose name this suit is instituted, has not now and never had any title, claim or interest in the said writing obligatory; but that the same was made payable to him by fraud or mistake, without his knowledge or consent. He further avers that the title to the money due from defendants' testator, at the time the said bond was executed, was due to Arthur P. Bagby, to whom and not to the said Lewis the said writing obligatory on its execution was delivered, he being the owner thereof. He further avers that at the time of making the said writing obligatory the said Arthur P. Bagby was indebted to the President and Directors of the Bank of the State of Alabama in a large sum of money, to-wit, the sum of seventeen hundred and seventy-five dollars, due by note, dated the 1st June, 1840, payable twelve months after date, with John A. Bagby and Albert G. Gooch as his securities : That on the 27th May, 1845, the said bank by its cashier, and for a valuable consideration, transfered the said note to de-

fendant's testator, which sum of money is still due and owing from said Bagby to said defendant as executor aforesaid, and exceeds the amount due upon the writing obligatory aforesaid, and out of which said sum of money so due by the said Bagby as aforesaid, the said defendant is ready and willing and hereby offers to set off and allow the full amount due on said writing obligatory, according to the statute, &c.; and the defendant further saith and avers that his testator had no notice of the said pretended transfer by the said Bagby to the said William R. Hallett, for whose use this suit is brought, of the said writing obligatory, at or previous to the said 27th May, 1845, when the note of the said Bagby here offered to be set off was transfered to him by the said bank, all which he is ready to verify, &c." To this plea the plaintiff demurred, but the County Court overruled the demurrer, and thereupon the plaintiff filed his replication after the cause had been transfered to the Circuit Court, which is as follows: " That he ought not to be barred, &c., because he says that the said writing obligatory was not made payable to the said plaintiff by fraud or mistake without the knowledge or consent of said testator, and he avers that the legal title is in him, said plaintiff, and ever has been since the execution of the same, and this he prays may be enquired of by the country, &c." To this replication the defendant demurred and the court visited the demurrer back upon the plea and held both it and the replication bad. Before proceeding to notice the other points made in the argument, we propose to notice the questions raised upon this plea. 1. If the plea was bad, the court very properly, as has several times been decided by this court, visited the demurrer to the replication back upon it, notwithstanding a demurrer to it had previously been overruled.— Cummins v. Gray, 4 Stew. & Por. Rep. 397; Donnell v. Jones et al. 13 Ala. 490-500.

2. Is the plea good ? It is objected to on four grounds—1st, For uncertainty, avering in the alternative that the sealed note sued upon was made payable to Lewis through *fraud or mistake*. 2d, For insufficiency, the circumstances constituting the fraud not being avered, and the mistake constituting no defence at law. 3d, Because it does not sufficiently aver that a simulated transfer was made by Bagby, the real owner of the note, to Hallett, for the fraudulent purpose of defeating the alleged set

18

off; and 4th, That conceding all the allegations of the plea to be true, it shows no right of set off. On the other hand, it is centended by the counsel for the plaintiff in error, that the averment that the note was made payable to Lewis through fraud or mistake, was but inducement preparatory to the set off pleaded, and might be stricken out as surplusage without injury to the plea, and that the case made by the plea falls within the principle settled by this court, in Bowen v. Snell, 9 Ala. 481. In that case assumpsit was brought on a promissory note by the payee for the use of one Watkins Salter. The defendant pleaded that the note really belonged to one John G. Salter and that the suit was instituted for his benefit. He then set forth his ownership of a legal demand against John G. exceeding the demand sued on, and avered its acquisition before the suit was instituted and offered to set it off. The County Court sustained a demurrer to the plea, but this court reversing the judgment of the inferior court, said that a set off may be pleaded against a party really interested though not a party to the record, and that it would be monstrous if an insolvent man could prevent a set off against his claim by indicating upon the record that the suit was brought for the benefit of a third person. This decision is a very liberal but we think a just and correct exposition of our statute of set off. We do not think, however, that it at all affects the present case favorably to the plaintiff in error. In the case at bar, the effort is not to set off a demand against the person for whose use in fact the suit is brought. It is not pretended that Hallett, for whose use the suit is brought, is not the party really interested and solely concerned in the recovery. Neither was there any attempt to show that the note was transfered to Hallett with the fraudulent intent to defeat the set off which the defendant had procured against Bagby, or even that Bagby or Hallett were apprised of the existence of such set off before the alleged transfer of the equitable interest in the note. Had the plea denied all interest in Hallett and avered that Bagby was the sole beneficiary, then the cases would be analogous, but instead thereof the attempt is to fix in him at the time the note was given the legal as well as equitable title to the same, so that under the statute of set off the plaintiff in error might avail himself of the demand acquired by him from the bank against Bagby as a defence, having no notice at the time of acquiring it

of the transfer to Hallett. Now it is perfectly clear that for any thing properly avered in this plea, the legal right of action upon this note was at the time of its execution, and still continues to be in Lewis, the payee. If it is said that it was made payable to him by fraud and therefore he acquired no legal right of action, the fraud alleged in the plea would become a substantive allegation of it, and the plea would than be evidently bad for failing to set out in what the fraud consisted and by whom it was perpetrated. If, however, mistake is relied upon for a similar purpose, then the answer is that the mistake cannot be corrected in a court of law. The legal title then being in Lewis, and the equitable title in Bagby, let us see the condition in which the several parties were placed in respect of the alleged set off. Bagby for a valuable consideration transfered his interest to Hallett, as we must intend for the purposes of this argument, the plea not asserting the contrary. Lewis then being the only person who could maintain an action at law upon the note, ceased to hold the legal title in trust for Bagby, but held for Hallett, who thereupon became the equitable owner of the claim and had the right to use the name of Lewis in suing upon the demand, subject to Lewis' right to be indemnified against the costs. Now we think it impossible to distinguish this case, in principle, from the case of Stocking against Toulmin, 3 Stew. & Por. Rep. 35. There, as in this case, the effort was to obtain a set off against an intermediate holder who had given value for the note which the defendant had acquired before the assignment against the intermediate assignee. But the court held that " a right of set off against a note or bond, under our statute, does not exist for demands subsisting against intermediate assignees through whose hands such note or bond may have passed by blank indorsement or otherwise." Why may not Hallett in this case, as well insist upon the exclusion of the set off of Sykes against Bagby, as Stocking in the case cited? We think he may and that the set off was properly rejected. Hallett had a right to repose upon the legal presumption deducible from the face of of the note, and the possession of it by his vendee, that Lewis was the legal owner and Bagby the equitable, and having that right, his *bona fide* purchase of the note should be protected against the set off of Sykes, who by his act has enabled Bagby to transfer the note as freed from any set off existing against

him as an intermediate holder.—Stocking v. Toulmin, *supra*; Kennedy v. Manship et al., 1 Ala. 43. Without elaborating this point, we are fully satisfied that under our statute of set off and the adjudications of this court upon it, the plea above refered to was bad and the demurrer to it properly sustained.

3. The defendant interposed the plea of *non est factum*, and after the plaintiff had read the note, the signature to which was admitted to be genuine, the defendant proved the following circumstances connected with the making of the bond, namely—That Arthur P. Bagby had purchased a house and lot in the city of Tuscaloosa, from Lewis, the plaintiff, at the price of $10,000, and executed a mortgage on said premises to secure the payment of the purchase money: That a portion of said purchase money remaining due, Bagby sold the house and lot to Sykes for $8,000—two thousand of which was paid down and the residue to be paid in three equal annual payments, and it was agreed between Bagby, Sykes and Lewis that there should be a foreclosure and sale under the mortgage in order to perfect Sykes' title: That Bagby and one Lindsey made a settlement by which the amount due from Bagby to Lewis was ascertained. The notes were drawn for $2,000 each, all payable like the one now in suit. The notes being signed by Sykes and lying on the table, the cash payment of $2,000 and the two notes first falling due were handed to one Vaughn for Lewis, and the third, being the one now in suit, was handed to Bagby, and the same was not handed to nor was it ever in the possession of Lewis. The defendant then offered to prove certain declarations made by the nominal plaintiff, Lewis, since the commencement of this suit, to the effect that he had no interest in the note and never knew of its existence; that he had received two notes of Bagby which with the money received overpaid his demand, and that he had executed his bond to refund to Bagby the overplus. This proof was excluded by the court against the defendant's objection. This being substantially all the proof, the defendant's counsel asked the court to charge the jury that upon this evidence they must find the issue in favor of the defendant: And further, that unless there was a delivery of the bond sued on to the plaintiff by the obligor in said bond, this issue must be found for the defendant, and that the jury could not infer from the facts in evidence that a

delivery of the bond had been made by the obligor to Lewis, the plaintiff. These charges the court refused to give, and charged the jury "that in such a case as the present, being a bond for the payment of money, they might infer from the facts in evidence a delivery to the plaintiff, and that upon the evidence, if they believed it, they should find for the plaintiff."

There was no conflict of testimony in this case—no difference whatever in regard to the facts, and there was nothing improper therefore in the court stating to the jury the law arising upon them as controling the case. The fact as to delivery shown by the proof and conceded here by the counsel for the plaintiff in error is, that Sykes having signed the note payable to Lewis, delivered it to Bagby, or which is the same thing, it was delivered to Bagby in his presence. Without stopping to ascertain the difference, if any exists, between promissory notes for the payment of money under seal and not under seal, so far as regards the question of delivery, we do not hesitate to pronounce that in this case the facts show a sufficient delivery to authorise Hallett to use the name of Lewis, the payee, to sue upon the note for his use. ᵗIt was delivered to Bagby, the beneficiary, to operate as a legal obligation in favor of Sykes to pay him for the use of Bagby, or of any other person who should afterwards acquire it by *bona fide* transfer, the amount of money specified in it. A formal delivery to the obligee in any case, even in respect to the most solemn instruments, is unnecessary. If no condition be annexed, if nothing remains to be performed to give effect to the instrument, its signing, sealing and attestation as a valid instrument between the parties will make it complete, it is said, even though it may remain in the hands of the grantor or bargainor.—See Farrar v. Bridges, 5 Hump. 411-'13. So, also, it is said a deed or bond securing certain benefits to persons not aware of its execution, when delivered to another for the beneficiaries, is as well and effectually delivered in law, and as irrevocable as if delivered to the parties themselves.—Graham v. Lambert, 5 Humph. Tenn. Rep. 595-'7. In the case before us the bond becomes operative according to the contract of the parties. When delivered to Bagby nothing remained to be done to render it effectual. He was the party beneficially interested, and to hold that a *bona fide* transferee from him should not recover because

no formal delivery was made to Lewis, would open a door to the grossest fraud and imposition, and destroy many rights which have vested in the business transactions of the country.

As to the exclusion of the declarations of the nominal plaintiff, who has no interest in this suit, which declarations were made after suit brought, it is sufficient to say that this court has virtually repudiated such declarations, in the case of Roberts v. Trawick, 13 Ala. 68. We are aware that there are numerous English and some American authorities the other way, but we cannot reconcile such decisions with reason. Can the nominal plaintiff, who has no interest, by his most solemn act release the defendant? All agree that he cannot. Now is it not absurd then to hold that he may do by his oral declarations what the law will not permit him to do by the most solemn act having the direct object in view? This would be opposed to every legal analogy, and we cannot sanction the doctrine.

Our conclusion is, the judgment must be affirmed.