32   99
121  212

## THOMPSON *vs.* DRAKE.

[DETINUE FOR SLAVES BY HUSBAND AGAINST WIFE'S TRUSTEE.]

1. *Offer of evidence for specified purpose.*—When evidence is offered for one or more specified purposes, and is excluded by the court, the appellate court will only examine the question of its admissibility for the specified purposes, since the form of the offer is an implied admission that the evidence is incompetent for any other purpose.

2. *Construction of bill of exceptions.*—Construing the bill of exceptions most strongly against the appellant, the appellate court will, for the purpose of sustaining the ruling of the primary court, give to the words used their natural import and meaning.

3. *Error without injury in exclusion of evidence.*—The exclusion of evidence offered by the plaintiff, to show that the defendant " had a beneficial interest in the property sued for," is not a reversible error, when the record clearly shows that the plaintiff could neither have been injured by the exclusion of the evidence, nor benefited by its admission.

4. *What fraud avoids deed at law.*—The only fraud, which, at law, is admissible to avoid a deed, is that which goes to its execution; consequently, the appellate court will not reverse on account of the exclusion of evidence of fraud, unless it is shown that such fraud went to the execution of the deed.

5. *Admissibility of trustee's declarations.*—The declarations of a naked trustee, having no interest, are not admissible evidence against him, when sued by a

third person for the trust property ; but it is competent for the plaintiff to show, by the declarations of the trustee himself, if relevant, that he is the real party in interest by transfer from his *cestui que trust ;* and although such transfer may be avoided as to the *cestui que trust,* the trustee cannot, while it is unavoided and subsisting, set up its invalidity to shield himself from the effect of his declarations.

6. *Relevancy of evidence to show invalidity of deed.*—Where the issue is as to the validity of the deed under which the defendant claims the property in controversy, his declarations and admissions, as to the manner in which he obtained the possession, are not relevant evidence, unless the execution of the deed is shown to be connected with the means by which the possession was obtained.

7. *Exclusion of evidence offered without necessary preliminary proof.*—The exclusion of evidence *prima facie* incompetent, when not offered in connection with the necessary preliminary proof on which its admissibility depended, is not a reversible error, although the bill of exceptions shows that such preliminary proof had been previously offered, for a specified purpose for which it was not competent, and excluded.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. THOS. A. WALKER.

THIS action was brought by Geo. W. Thompson against John C. Drake, to recover certain slaves which the plaintiff had conveyed to said Drake, as trustee of Mrs. Francis Thompson, who was plaintiff's wife. The defendant pleaded the general issue, and several special pleas setting up the deed from plaintiff; and to these special pleas the plaintiff replied fraud and duress in the execution of the deed. All the errors assigned relate to the rulings of the court on the trial in the exclusion of evidence offered by the plaintiff, which is fully stated in the opinion of the court.

D. C. HUMPHREYS, for the appellant.

WALKER, CABANISS & BRICKELL, *contra.*

WALKER, J.—It is proper that we confine our attention in this case to the exclusion of evidence offered by the appellant, for the assignments of error present no other matter for our consideration.

The plaintiff was seeking to recover slaves which he had conveyed to the defendant, in trust for the separate use of his wife, during her natural life. One of the issues

in the case was, whether that deed was procured by duress. The plaintiff proved, that an agreement was made, before the date of the deed, between his wife and defendant, to the effect that the latter "should pursue the plaintiff, and if he succeeded in obtaining the negroes, he should have one half of them for his trouble;" and that, in pursuance to that agreement, the defendant followed the plaintiff into Mississippi, and brought back with him the negroes in controversy. It was shown that the agreement above stated was made on the 1st of April, 1854; and that defendant returned from Mississippi, with the negroes, about the 10th April, 1854; and that Drake, the defendant, was present when the deed was executed.

The attitude of the case being such as is above described, the plaintiff offered to prove, that, soon after the negroes were brought from Mississippi, and after the date of the deed, a division of them was had between the plaintiff's wife and the defendant, by which "defendant got two of said negroes for his trouble, kept two to pay expenses, and purchased the remaining one from Mrs. Thompson, on one, two, three and four years, without interest." This evidence is stated in the bill of exceptions to have been offered "to show that the defendant, Drake, had a beneficial interest in said negroes; and for the further purpose of showing a combination between said Francis Thompson and said defendant to defraud the plaintiff; and for the further purpose of introducing the declarations of said defendant, after the execution and delivery of the deed of 10th April, 1854, that he obtained the *possession of said negroes* by force, by threats, and through the fear of plaintiff of mayhem and wounding by defendant." The offered evidence was rejected, and plaintiff excepted.

[1.] The plaintiff, by offering the evidence for three specified purposes, must be regarded as having admitted its incompetency for any other purpose; and he will not be permitted to allege its competency in any point of view not embraced in the special grounds presented to the court below.—King v. Pope, 28 Ala. 601; Creagh &

Forward v. Savage, 9 Ala. 959. A different decision would open the door for the misleading of the circuit judges, by the presentation of feigned grounds of objection; and would impose upon this court the duty of reversing judgments, where the court below had correctly decided the points presented to it.

[2–3.] The first purpose for which the evidence was offered, was to show that the defendant had a beneficial interest in the property. A beneficial interest in the property has a different meaning from beneficial interest in the suit. One might be interested in the suit, and yet have no interest in the property which is the subject of the suit. By beneficial interest in the property is meant a right, either partial or entire, in or to the property. If Drake possessed or claimed the property by an invalid title, he did not have a "beneficial interest in the property;" on the contrary, he had no interest in it. A bill of exceptions is to be construed more strongly against the party excepting; consequently, we cannot apply to the words above noticed a meaning different from their natural import, for the purpose of finding error in the ruling of the court below. Looking, then, to the natural import of "beneficial interest," as above pointed out, it is not conceivable that it could have benefited the plaintiff to have shown that the defendant had a beneficial interest in the property, or injured him to have been denied an opportunity to show such an interest in the defendant. The plaintiff's interest would seem to have required him to show that the defendant had no right to the property, in either his individual or fiduciary capacity. Therefore, if it be conceded that the testimony offered conduced to show a beneficial interest in the property in the defendant, we clearly perceive that the plaintiff has not been injured by the exclusion of it. We need not inquire, at this point, whether the evidence proposed was admissible, for the purpose of laying a predicate for the introduction of other evidence, or for any other purpose different from that for which it was offered. It is only necessary to inquire whether the court erred, to the plaintiff's prejudice, in the exclusion of the evidence as the means of

accomplishing the particular purpose proposed by the plaintiff; and that question we decide in the negative.

[4.] The second purpose for which the testimony was offered, was to show a combination between plaintiff's wife and defendant to defraud the plaintiff. The plaintiff does not attempt to specify what character of fraud he designed to show that the defendant and Mrs. Thompson had combined to perpetrate upon him. Whether the combination was to defraud him as a creditor, or to perpetrate a fraud by deceitful misrepresentations, or to commit a fraud which went to the execution of the deed, is not indicated in the statement of the purpose for which the testimony was offered. It could not have been competent for the plaintiff to prove, in this action at law, any other fraud than such as might affect the execution of the deed.—Morris v. Harvey, 4 Ala. 300 ; Mordecai v. Tankersley, 1 Ala. 100 ; Swift v. Fitzhugh, 9 Port. 39 ; Stokes v. Jones, 21 Ala. 735. The purpose for which the testimony was offered, was not so defined as to enable the court to determine whether it was a legitimate purpose. Unless the party had announced what kind of fraud he purposed to show a combination to perpetrate, it was impossible for the court to see whether it was admissible in the point of view proposed. In the language employed by this court in the case of Newton v. Jackson, 23 Ala. 335, "It is the business of the parties and their counsel to make their points clear and specific. The responsibility and labor of those who have to decide are great enough, when the propositions laid before them connected with the case are precise and plain. Hence, when the mind is at a loss readily to understand the ground which an objection or motion is intended to cover, a court may and ought to refuse to grant it for that reason."

[5.] The third and last purpose for which the evidence was offered, was to lay a predicate for the introduction of defendant's declarations, to the effect that he procured possession of the negroes from the plaintiff by duress. After the plaintiff had made out a *prima-facie* case, the defendant gave in evidence the title papers upon which he relied. These papers, if valid, vested in him a title in

the capacity of a trustee, without interest, for Mrs. Thompson. The defendant thus placed himself in a position, in which he might successfully resist all motions for the introduction of his declarations in evidence against him. He then apparently stood in court as a naked trustee, having no interest; and his declarations would not have been admissible, under the law as settled by the decisions of this court, to affect his *cestui que trust*.—Roberts v. Trawick, 13 Ala. 68; Graham v. Lockhart, 8 Ala. 10; Sykes v. Lewis, 17 Ala. 261; Chisholm v. Bigelow, 1 Ala. 371; Head v. Shaver, 9 Ala. 793; Brown v. Foster, 4 Ala. 285; Copeland v. Lane, 2 Ala. 388; Roden v. Murphy, 10 Ala. 804. But it would be competent for the plaintiff to negative the *prima-facie* case of an absence of interest in the defendant, and to show that he was the party really interested in the controversy. Otherwise, the plaintiff would be denied the right of making available the declarations of his real adversary against his interest. The evidence which was offered showed that the *cestui que trust* had parted with her beneficial life estate created by deed to the defendant. It may be, that her transfer was made under such circumstances that she might avoid it; but, while it is unavoided and subsisting, and the defendant is holding under it in his own right, he cannot be permitted to shield himself from the force of his declarations, as evidence against him, by the pretense that he has no interest in the litigation. The declarations, however, are not admissible in evidence against him, unless they are relevant. Relevancy is an indispensable pre-requisite to the competency of declarations, as well as of all other evidence. Therefore, while it was permissible for the plaintiff to prove that the defendant was the real party in interest, for the purpose of introducing the defendant's relevant declarations, it was not permissible to make that proof as a predicate for the introduction of declarations not relevant to the issue.

[6.] The issue in this case was as to the validity of certain deeds, under which the defendant claimed. The result of the case did not at all depend upon the regularity or legality of the manner in which possession of the negroes

was obtained by the defendant. The declarations, for the introduction of which the plaintiff proposed to lay a predicate, referred to the means by which the possession had been obtained, and not to the manner in which the deeds or either of them was obtained. The possession of the negroes may have been obtained by improper means, while no improper means of procuring the conveyance of them was resorted to. They may have been separate and distinct transactions, having no such connection with each other as that the one would illustrate the other. The manner in which the possession of the negroes was obtained does not appear, of itself, to have any connection with the obtainment of the deed; and if declarations in reference to the obtainment of possession had been offered, it would have been the duty of the court to have excluded them, unless the party showed how they could be made to affect the matter in issue. So, when the party offered evidence as a predicate for the introduction of declarations referring to the manner in which possession was obtained, it was the duty of the court to exclude it, unless the relevancy of the declarations had been made apparent.

[7.] "In the further progress of the trial," the plaintiff offered to prove, by the defendant's declarations, "that the defendant went to Mississippi, took possession of the negroes by force, and then, in the night time, entered plaintiff's house in the State of Mississippi, and forced him, by cocking a pistol, and by threats of wounding, and of mayhem, and of death, to go with defendant, who also had said negroes in company, to Florence, where the plaintiff signed the deed." If the plaintiff had, before offering this last evidence, shown that the defendant was the real party in interest, the evidence would certainly have been admissible; but, having been offered without the necessary predicate, it was properly excluded. If the plaintiff had announced, when he offered to prove the transfer of the property to the defendant, that the object was the introduction of the declarations afterwards offered, there would have been no legal impediment to the introduction of the preliminary evidence.—Dickson v. Collins,

8

17 Ala. 635. But it was not for the court to assign a legal purpose for the introduction of the evidence offered, when the plaintiff himself assigned an illegal purpose, or, at least, a purpose not appearing to be legal.

The judgment of the court below is affirmed.

STONE, J., not sitting.