# GRAYSON *vs.* GLOVER.

[ACTION ON PROMISSORY NOTE BY ASSIGNEE AGAINST MAKER.]

1. *Competency of assignor as witness for assignee.*—When the assignee of a promissory note is the defendant in an action, and seeks to establish it as a set-off, he may render his assignor a competent witness for him, to prove the time when the assignment was made, by releasing him from all liability on account of the note : section 2290 of the Code does not apply to such a case.

2. *Admissibility of transferror's declarations as evidence against transferree.*—In an action brought by the assignee against the maker of a promissory note, the defendant seeking to establish as a set-off a note executed by the assignor to a third person, and transferred by the latter to the defendant, a memorandum, written on the latter note by the plaintiff's assignor, stating that said note, if " taken up " by the defendant, should be credited on the note of the latter to him, is competent evidence for the defendant, if shown to have been made before the transfer of the note sued on.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. C. W. RAPIER.

THIS action was brought by Edwin A. Glover, against H. C. Grayson and Mrs. Emeline Grayson, and was founded on the defendants' promissory note for $500, dated January 29, 1853, payable on or before the 1st January, 1855, with interest from the 1st January preceding, to William Glover or bearer, by whom it was endorsed to the plaintiff. On the trial, as appears from the bill of exceptions, after the plaintiff had read in evidence the note sued on, the defendants offered in evidence, under the plea of set-off, a promissory note for $131 18, executed by said William Glover, dated January 1, 1853, and payable one day after date to R. Tuller or order ; together with an endorsement thereon, signed by said Tuller, in these words: " Pay Mrs. Emeline and H. C. Grayson." The defendants then proposed to introduce said Tuller as a witness for them, " for the purpose of showing the time when said note claimed as a set-off was transferred to them." The plaintiff objected to the competency of said witness, " on the ground that he was

the transferror of the note claimed as a set-off, and therefore was incompetent as a witness for the defendants." To show the competency of said Tuller as a witness for them, the defendants then proved to the court, that they had given the plaintiff five days notice of their intention to introduce him as a witness on the trial, and had released him from all liability on account of his transfer of said note to them; and produced the notice and release. The court ruled that the witness was incompetent, and the defendants excepted.

" The defendants then offered to prove a memorandum, or note in pencil, made by said William Glover on the note claimed by them as a set-off, in these words: 'If Mrs E. and H. C. Grayson can take up this note with R. Tuller, the same shall be credited on your note due me.' This was offered as tending to show a declaration of said Glover, made before he had transferred to plaintiff the note sued on, and while it was in his possession, inducing defendants to purchase said note; and also to show that defendants held said set-off before the transfer by William Glover to plaintiff of the note sued on. The plaintiff objected to the introduction of this evidence, as incompetent, and the court sustained the objection; ruling, that the declarations of William Glover, either before or after he had transferred to plaintiffs the note sued on, were incompetent evidence for the defendants in this suit, though they would be good in a suit between the defendants and said William Glover; to which ruling of the court the defendants excepted."

These two rulings of the court are now assigned as error.

John F. Vary, for the appellants.

Geo. G. Lyon, contra.

RICE, C. J.—Under section 1530 of the Code, a promissory note is "assignable by endorsement, so as to authorize an action thereon by each successive endorsee." When not payable at a bank or private banking-house, it is, under section 1531 of the Code, "subject to all payments, sets-off, and discounts, had or possessed against

the same previous to notice of the assignment or transfer." It may, under section 2240 of the Code, be pleaded and relied on as a set-off by the assignee, in a suit brought after it became due, and after the assignment, where, as here, the suit against him is founded upon a note made by him and another. And when it is so pleaded and relied on *in defense*, the assignor or endorser, if released from all liability on account of the promissory note or the transfer thereof, is, under the Code, a competent witness for *the defendant*—the *endorsee*—to prove the time when the endorsement was made.—Code, §§ 2290, 2302; Todd v. Hardy, 9 Porter's Rep. 346; Tipton's Adm'r v. Robinson's Adm'r, 31 Ala. R. 595; Commonwealth v. Cooley, 10 Pick. R. 37.

Although a plea of set-off is in the nature of a cross action, it certainly is not a suit within the meaning of section 2290 of the Code; nor does *the defendant* become "the plaintiff" in the suit, by merely pleading thereto as a set-off a promissory note made by the plaintiff to a third person, and endorsed by that third person to the defendant. Section 2290 makes "the transferror, or party with whom the contract was originally made," an incompetent witness "*for the plaintiff*, to prove *the cause of action* ;" and that, only "*when suit is brought by the transferree*." It does not exclude the endorser of a promissory note, when he is fully released by the *defendant* endorsee, and offered as a witness for that *defendant*.

These views bring us to the conclusion, that the court below erred in ruling that Tuller was not a competent witness for the defendants. And that conclusion makes it probable, that it is unimportant to the parties that we should decide expressly whether "the memorandum, or note in pencil made by William Glover, (*the payee* of the note sued on,) on the note claimed by defendants as a set-off in this case," was admissible. It is deemed sufficient to say, that if it was made *before he transferred the note sued on*, it was clearly admissible, as it was the first step towards proving a partial payment of the note sued on; and was relevant to an issue in the case.—Cuthbert v. Newell, 7 Ala. R. 457; Laroque v. Russell, 7 Ala. R. 798.

Such declarations of *the payee* of a note, when made before he has transferred it, are, beyond all question, evidence against the transferree, in favor of the makers of the note. Whether the declarations of *the payee* are not admissible against the transferree in favor of the makers, *in the absence of all proof as to the time when they were made,* we deem it unnecessary to decide, and therefore decline to decide.—See Sally, use &c. v. Gooden, 5 Ala. 78.

For the error above pointed out, the judgment is reversed, and the cause remanded.