COPELAND & LANE, USE &C. v. CLARK.

1. The declarations of a nominal plaintiff cannot be given in evidence, to defeat the action ; therefore, where a suit is brought in the name of C. & L. for the use of another, a writing executed by L. dated previous to the execution of the note sued on, if evidence for any purpose, could only be received on proof of the truth of its date.

2. The execution of a note raises the presumption of a settlement of accounts previous to its date.

Error to Talladega Circuit Court.

THIS action was commenced in the Court below by the plaintiffs against the defendant, on a note for fifty-three dollars eighteen cents, dated 25th January, 1839. The defendant pleaded non-assumpsit ; set off; payment; and failure of consideration—judgment for defendant.

A bill of exceptions taken during the trial, discloses, that the defendant offered in evidence a receipt for cotton to the following effect :

"January 1, 1837—Received of Abner Clark, three thousand and eighty-six pounds of seed cotton, which is to be accounted for in settlement in store, at two dollars per hundred."

ROBERT L. LANE.

The defendant also proved, that the claim, due the plaintiffs, was to be settled by cotton, to be delivered to Lane. That, towards the end of the year 1837, Lane did receive cotton, which he said should be accounted for in the store of the plaintiffs; but it was proved that Copeland, the partner of Lane, denied Lane's authority to make any such arrangement. Sometime before the date of the receipt, Lane and one King had been carrying on a store at the same place, where the business of Copeland and Lane was done. That, after the dissolution of the firm of Lane and King, Lane carried on business in his own name up to the time of the commencement of the business of Copeland and Lane.

Copeland & Lane, use, &c. v. Clark.

The plaintiffs objected to the reading of the cotton receipt to the jury, because it was not signed by the plaintiffs, and for other reasons; but the Court overruled the objection; and charged the jury, that they should determine from the evidence, whether it was given to settle accounts in a former store, or accounts which might be created in the one then in existence, under the firm of Copeland and Lane; to which the plaintiff by his attorney excepted, and now assigns for error.

PECK and MARTIN, for plaintiff in error.

CHILTON, contra.

ORMOND, J.—If it be conceded that the ambiguity in the receipt, offered in evidence, could be explained by parol proof, it was not admissible in this case. The only proof of the execution of the paper is, that it was in the hand writing of Lane. This was not sufficient; as the action is brought for the use of another; and it would in effect be allowing the declaration of Lane to be given in evidence, to defeat the action. If it could be admissible in evidence at all, it could only be on proof, that it was executed when it bears date. (See Chisholm v. Newton and Wiley, 1 Ala. Rep. N. S. 371.)

The cotton receipt, relied on as an off-sett, bears date the 1st January, 1837; and the note sued on, was made about two years afterwards. Nothing appears in the record to repel the presumption, which arises from this fact, that the cotton receipt was discharged at the time of the execution of the note, if it ever was a charge on the firm of Copeland & Lane. It may be added that most of the parol testimony offered to explain the ambiguity in the instrument, is, as we understand it, wholly irrelevant. The proof that Lane received in the latter part of the year 1837, cotton from other persons, to be accounted for in the store of Copeland & Lane, was entirely irrelevant, and well calculated to mislead the jury.

The bill of exceptions is so badly drawn and illegibly written, as to put criticism and almost even conjecture at defiance; and it is deeply to be regretted, that the rights of parties litigant in our Courts, should depend on such a manuscript as this.

Let the judgment be reversed, and the cause remanded for further proceedings.