## SALLY, use, &c. v. GOODEN.

1. The act of 1839 " To abolish attorneys fees in certain cases," in requiring that the defendant shall plead to the merits within the first week of the appearance term, or forfeit his right to make any defence thereafter, though imperative in its terms, must be so construed as to authorise the court in which the suit is pending, in its discretion, to permit the defendant to plead at a subsequent term.
2. The declarations of a nominal plaintiff made before he had parted with his interest in the note, the foundation of the action, are admissible evidence; and where there is no proof of the time when another person became the beneficial proprietor of the note, declarations made at any time before suit brought will be received.

WRIT of Error to the Circuit Court of Randolph.

At a term of the Circuit Court, holden in April 1841, the plaintiff in error, declared against the defendant in debt, on a bill single. In the vacation thereafter, the plaintiff's attornies noted on the docket, the failure to file a plea, and that a judgment by default was claimed. At the spring term of 1842, this judgment was confirmed and entered in due form, though the defendant objected, and moved to set it aside on affidavit of merits, as well as an excuse for not pleading.

At the fall term of 1842, the cause was tried and a verdict found for the defendant, on which a judgment was rendered. On the trial the plaintiff excepted to the ruling of the presiding judge, and has caused to be certified to this court, certain points then, and previously reserved. It appears, that after the judgment had been entered at the spring term of 1842, the plaintiff moved the court to set it aside, which motion was granted, on the payment of all previous costs, for which judgment was entered. The plain-

tiff on this state of facts moved the court to strike the cause from the docket, and order execution to issue upon the judgment of the spring term of 1842; which motion was overruled, and the parties thereupon submitted their case to the jury for trial. The plaintiff having closed his evidence, the defendent introduced a witness, and offered to prove by him certain declarations made by Sally, the payee of the bill single, who was an Indian. These declarations were as follows: in 1834, shortly after the paper was made, she asked witness if it was a good note, to which he answered affirmatively;—a short time after she told witness that defendant had paid her the note, and showed him some silver which she had received from him. This evidence was objected to, but permitted by the court to go to the jury.

Rice, for the plaintiff, insisted, that the failure to plead to the suit at the appearance term, entitled the plaintiff to a judgment by default; and the act of 1837, " to regulate certain judicial proceedings" and of 1839, " to abolish attorneys fees in certain cases" took from the court the right to set aside that judgment, and let in a plea. But if there was no error in this, the declarations of Sally were inadmissible.

Wm. B. Martin, for the defendant.

COLLIER, C. J.—The act of 1837, " to regulate certain judicial proceedings," enacts that the plaintiff shall file a declaration within the two first days of the term, where the court, is by law, holden for one week only; that the defendant shall plead or demur in two days thereafter; and if any other pleadings shall be necessary, the same shall be severally and successively filed within two days each, until an issue of fact, or law be made up. The act provides further, that the pleadings shall be made up during the term, unless further time be given by the court; that if plaintiff fail to carry on the pleadings on his part, the suit shall be dismissed, or a *non pross.* entered on motion of the defendant— if the failure is on the part of the defendant, the plaintiff shall be entitled to a judgment by default.

The statute " to abolish attorneys fees in certain cases " passed in 1839, provides, that in all suits instituted for the purpose of col lecting money, no judgment shall be entered at the appearance

term for the failure of the defendant to appear and plead; that the defendant shall be compelled to plead to the merits within the first week of the appearance term, and upon failure thereof "forfeit his, her, or their right to make any defence thereafter."

It is not pretended that the first act interferes with, or abridges the discretionary power of the primary court to permit the parties to plead at any time, or even to set aside a judgment or grant a new trial with a view to amend the pleadings. But it is insisted, that the act of 1839 is imperative in its terms, and must be enforced, although in some cases it may operate great injustice. The great object of that statute as indicated by the third section, which absolves the defendant from the payment of a tax fee, where no defence is made, is to cheapen the administration of justice, by dispensing with the services of an attorney in such cases. Its provisions seem to be framed with a view to that end. The language of the second section, which declares the defendant's right to make defence, forfeited, where he has omitted to plead to the merits within the first week of the appearance term, is express, and if literally interpreted, is decisive of the case at bar. But the subject matter of the statute, the pre-existing laws and rules of Court regulating the practice in this respect, all seem to us to require such a construction to be given to the act, as will not divest the Court of all discretion as to the time of pleading. Suppose it should so happen that it was utterly impracticable from sickness of the defendant or his attorney, or from other causes alike uncontrollable, to plead within the time prescribed, if the Court in which the suit was pending could not interfere, chancery, if the defence was meritorious, would afford redress, as the act does not restrain that tribunal. To prevent litigation, so protracted and expensive, we think the spirit of the statute would be promoted, by the court of law doing directly, that which could be thus circuitously effected. If a judgment may be set aside in any case, so as to let in a plea by the defendant, a revising court can fix no limitation to the cases in which the same thing may be done; but the primary court must exercise a general discretion over the subject, in advancement of the end of justice.

A permission to plead should not be given where the defendant has forfeited the right, unless he shows *prima facie* a meritorious defence, and a sufficient excuse for his neglect; but of this, the

Court in which the suit is brought, must be the final judge. [See Smith v. Saxton, 6 Pick. Rep. 483 ; Lessee of Burgett v. Burgett, 1 Ohio Rep. 469.]

In respect to the declarations of the nominal plaintiff, if they had been made after she parted with her interest in the specialty sued on, they should have been rejected as incompetent evidence. But for any thing appearing to the contrary, the conversations between herself and the witness, adduced by the defendant, were most probably made while she was the proprietor of the paper. In the absence of all proof to this point, the evidence was such as the jury should have been allowed to consider, under the instructions of the Court.

In Brown, use, &c. v. Foster, (at the last term,) it was held, that as it did not appear when the nominal plaintiff transferred his interest, his declarations, made before suit brought, were admissible. [See also, Chisholm, use, v. Newton & Wiley, 1 Ala. Rep. N. S. 371 ; Copeland & Lane, use, &c. v. Clark, 2 Ala. Rep. 388.]

The argument of the plaintiff's counsel, that in the absence of proof, it must be intended that the beneficial plaintiff became entitled to the paper before its maturity, is not well founded where a transfer of title is not passed in the ordinary course of business; however the law may be in case of an indorsement. [See Marston v. Forwood, at this term.]

This view is decisive to show, that the case is free from error; and it is consequently affirmed.