9   791
93   520

## HEAD, use of YOUNGBLOOD v. SHAVER & ADAMS.

1. The expression of the belief of a witness, that he saw a fact transpire, is not matter of opinion, so as to authorize the court to reject the evidence.
2. The admission of the nominal plaintiff, after he had parted with his interest, cannot be given in evidence to defeat the beneficial plaintiff.

Error to the County Court of Chambers.

DEBT by the plaintiff in error, against the defendants in error, before a justice of the peace, on a note for thirty-eight dollars.  The justice rendered a judgment in favor of the plaintiff, from which the defendants appealed to the County Court.

The defendants pleaded payment, and introduced the record of a suit commenced by attachment, against the nominal plaintiff, in which the defendant Shaver, was summoned as a garnishee, and answered, that he was " indebted to the defendant in the sum of twenty-seven dollars and eighty-seven and a half cents, and a judgment of the court against

him on his answer for that sum, which he had paid. To the introduction of this as evidence the plaintiff objected.

The defendant also introduced evidence of the declarations of the nominal plaintiff, in relation to the note, after Young-blood had become interested in it. That he heard the payée of the note say, that an attachment had been commenced against him, and Youngblood had become his security in a replevy bond, and in a note for a fee. That he had left the note on Shaver with Youngblood to indemnify him, to be applied to the payment of the costs of the attachment, if it went against him, and if he succeeded to collect the note, and forward the amount to him in Illinois, where he then resided. That he had seen the note some eighteen months before, in the hands of the nominal plaintiff, and confidently believed the note sued upon to be the same, but could not say positively.

The plaintiff objected to proof of the instructions of the nominal plaintiff, after Youngblood had become interested in the note, and also to the proof of the belief of the witness. Other testimony was given upon which no question is raised. Judgment was rendered for the defendant.

The assignments of error present the questions raised upon the bill of exceptions, and the rendition of judgment in favor of the defendants.

ORMOND, J.—The defence set up in this case, was a payment of a judgment against the defendant, as a garnishee in an attachment suit, against the nominal plaintiff. It cannot be doubted, that this was proper evidence, nor was the defendant concluded by his answer from showing, that the indebtedness he then admitted from himself, to the nominal plaintiff, was made in reference to the note here sued upon, though the indebtedness then admitted was not so great as the note upon its face called for.

The expression of the witness, that he had seen the note, in the hands of the nominal plaintiff, eighteen months before, and *believed* it to be the note sued upon, but was not positive of the fact, is not the expression of an opinion in the proper sense of that term. It is the assertion of the existence of a fact, qualified by the admission that the recollection of

the witness is not so clear and distinct, but that he may be mistaken. This qualification though it weakened the force of the testimony, and in the opinion of the jury may have deprived it of any value as evidence, did not authorize the court to reject it—it was for the jury alone to determine what weight it was entitled to.

But in allowing the declarations, or admissions of the nominal plaintiff, after he had parted with his interest in the note, by transferring it to Youngblood for his indemnity, the court erred, as he could not impair the title, after such transfer, by any declaration or admission. [Copeland and Lane v. Clark, 2 Ala. Rep. 388.; see also Chisholm v. Newton & Wiley, 1 Id. 371, and Brown v. Foster, 4 Id. 282.]

The judgment in favor of both defendants, though but one had executed the appeal bond, was strictly correct. The appeal was of the entire judgment, and was not sevreed because one only executed the bond.

For the error as previously indicated, the judgment must be reversed and the cause remanded.