# Cooper *v.* Hames.

### *Action on Injunction Bond.*

1. *Counsel fees as damages.*—Counsel fees incurred in procuring the dissolution of an injunction, both in the lower court and in this court on appeal, are recoverable as damages in an action on the injunction bond; and the fact that the statutory proceedings for the condemnation of a right of way, which were enjoined, were abandoned pending the appeal, does not affect the right to such counsel fees as damages.

2. *Damages resulting from delay or obstruction of work.*—In an action on an injunction bond, which was given on the filing of a bill to enjoin statutory proceedings by a railroad company to condemn a right of way through the complainant's lands, the bill being finally dismissed, damages can not be recovered on account of the obstruction and delay of the railroad company's work by the injunction, when the only evidence is that the company had a force of hands engaged on the work when the injunction was sued out, and that it "was largely damaged by being enjoined from the use of said right of way," which was abandoned pending an appeal in the injunction suit.

APPEAL from the City Court of Anniston.
Tried before the Hon. B. F. CASSADY.

E. H. HANNA, for appellants.

BROTHERS, WILLETT & WILLETT, and KNOX & BOWIE, *contra.*

McCLELLAN, J.—The Anniston & Atlantic Railway Company having instituted proceedings to condemn a right of way over the lands of Cooper and others, and paid the assessed damages into court before final judgment of condemnation, proceeded to build its road on the proposed right of way. At this stage Cooper *et al.* filed their bill in the Chancery Court of Calhoun county, praying an injunction restraining the rail-

[Cooper v. Hames.]

way company from building its road on the lands until the questions presented by the bill were determined. The writ issued as prayed, on a bond executed by the defendants to this action. The injunction was dissolved by the chancellor on motion, and from the decree in this behalf an appeal was prosecuted to this court, pending which the injunction was reinstated. The decree of the chancellor was affirmed here, and soon afterwards the bill was dismissed. The present action is upon the injunction bond, and proceeds in the name of the register in chancery, for the use of said railway company. The complaint, alleging the facts set forth above, claims damages to the amount of the penalty of the bond, for that: *first*, the Anniston & Atlantic Railway Company was delayed and obstructed in the building of its road by reason of said injunction, and thereby greatly damaged, to-wit., in the sum of fifteen hundred dollars; and, *second*, the said railway company incurred or paid expenses in the employment of counsel "to prosecute a dissolution of said injunction by the chancellor, as well as by the Supreme Court of Alabama, in, to-wit, the sum of fifteen hundred dollars," and the plaintiffs claim that sum for attorney's fees so incurred. The third specification of damages for the court costs, attorney's fees, &c., need not be referred to, as there was no evidence as to the payment of court costs, and no charge given or refused with respect thereto.

On the trial, evidence was adduced going to show that the company employed counsel to secure a dissolution of the injunction, agreeing to pay a reasonable compensation for services in that behalf; that such services were rendered both in the Chancery and Supreme Courts, and that reasonable compensation therefor "was from $275.00 to $400.00." The plaintiff was entitled to recover for attorney's fees thus incurred or expended, either in supporting a motion for dissolution before the chancellor, or in defending an appeal to this court by complainants, pending which the injunction was reinstated.—*Bolling v. Tate*, 65 Ala. 417. And it is of no moment, in this connection, that the railway company, pending the injunction, or after its final dissolution, abandoned its purpose to condemn a right of way over complainant's lands. Notwithstanding this, it was under a necessity to prosecute a dissolution, since the suit, had it not been defended, might have resulted in costs against the defendant; and it can not be assumed in this action, for the want of proof of present injury caused by the restraining order, that there was no occasion to employ counsel.—*Rosser v. Timberlake*, 78 Ala. 162. Moreover, it appears by this record that the abandonment of the right of way proposed to be condemned was consequent

[Cooper v. Hames']

upon the delay enforced by the writ. The charges and rulings of the trial court in respect of the claim for attorney's fees were in consonance with these principles, and free from error.

With respect to the damages claimed on account of the company being obstructed and delayed in building its road, the only evidence is that, at the time of the issuance of the writ, it had a force of hands engaged in constructing the road over the right of way; that this force continued in that work for two days after the writ issued and was served, and that the company "was largely damaged by being enjoined from the use of said right of way." This was no evidence of damages resulting by way of delay or obstruction from the injunction, upon which to base a verdict for the plaintiff in that regard. Even conceding that, under the facts as to a final abandonment of this right of way being necessitated by the injunction, the plaintiff would be entitled to recover for expenditures incurred by the company, in work on its road there previous to the service of the writ, or even previous to its service on the company's superintendent, the testimony supplies no *data* from which such damages could be assessed. It does not appear how many hands were employed, nor whether they were to be paid at all, nor, if paid, what they were to or did receive, nor the length of time they so labored, nor the amount of work they did. It does not appear, in short, that any expense was incurred or paid for work done upon the right of way which had to be abandoned by reason of the injunction. And the statement of the witness Scott, that the company was largely damaged by being enjoined from the use of this right of way, is not only not competent evidence—such evidence as, if admitted without objection, might sustain a verdict, though inadmissible on objection—but it is no evidence at all. It involves no fact upon which a verdict could be supported; it furnishes the jury with no basis for the assessment of any damages claimed for delay in building the road, or for deprivation of this right of way. Yet the court, in effect, directed and required the jury to assess damages resulting to the company from delay in consequence of the issuance of the writ.

Charge No. 5 given at plaintiff's instance, and excepted to, is as follows: "If the Anniston & Atlantic Railway Company was delayed by the issuance of the injunction, you must assess its damages for that amount in addition to attorney's fees; and the jury is the judge of such damages, and they must assess the same." Delay was proved, but there was no proof of consequent damages. The inevitable effect of this charge was to require damages to be assessed for mere delay, though no

injury resulted therefrom to the company. That it did have this effect is manifest, when we consider that the largest amount which any of the evidence tended to establish as reasonable attorney's fees was four hundred dollars; that no effort even was made to show damage other than this except for delay; and that the verdict was for one thousand dollars, six hundred of which is without the shadow of support in the testimony. The charge was, therefore, not only erroneous, but it worked positive injury to the defendants. Charge No. 4 is of the same character, though not so palpably open to the objection we have been considering. Neither of them should have been given.

We have carefully considered the action of the trial court on the demurrers to the amended complaint, on demurrers to certain pleas filed by defendants, and with respect to other charges given and refused. Many of the points involved in those rulings have been disposed of adversely to appellants in what we have already said. For the rest, the rulings of the court are so patently correct in every particular, that a discussion of them in detail here would subserve no good purpose.

For the errors committed in giving the 4th and 5th charges requested by plaintiff, the judgment must be reversed, and the cause remanded.