# Cole v. Tuck.

*Action against Indorser of Non-negotiable Note.*

1. *Pleading; demurrers to part of count; motion to strike.*—Where the averments of a part of a count are defective, but which could be strick-en out and still leave a good cause of action, the proper way to reach the defect is by motion to strike, and not by demurrer.

2. *Trial without a jury; finding of the trial judge, when set aside.*—On the trial of a cause without a jury the finding of the court as to the facts will be set aside, unless warranted by the evidence.

3. *Indorsement; limitation of liability.*—An indorser may limit the extent of his liability by the terms of his indorsement.

· APPEAL from the Circuit Court of Blount.·
··Tried before the Hon. J. A. BILBRO. ·
·· This· action ·was· originally brought ·by ·J. H. Tuck against·C. E. Cole,· before a justice of the peace, and . thence appealed to the circuit court, where it was tried before the judge without the ·intervention of a jury ; the

amount involved being less than twenty dollars. The complaint is as follows: "The plaintiff claims of defendant the sum of fifteen dollars with interest thereon due on the following described note.:

"$21.00. ——————, Ala., Jan. 31st, 1893.
November 1st, after, I promise to pay to the order of C. E. Cole twenty-one dollars, value received, at ——————. The right of exemption is hereby waived, as provided in the Constitution and laws of the State of Alabama, or any other state in the United States, and it is further agreed that the undersigned shall pay all costs for collecting above, including a reasonable attorneys' fee, on failure to pay at maturity.

E. C. GARIGAS.
Witness: J. T. Burnett."

The note sued on has the following endorsement on the back thereof: "This is to certify that I hereby indorse $15.00 of the within note, this April 3d, 1893. C. E. Col·." And plaintiff avers that at the time of bringing this suit, and now, the note sued on was, and is the property of plaintiff. Plaintiff further alleges that he did not bring suit on the note within thirty days after the same became due, on account of the acts or promises of the defendant whereby he was induced to delay bringing the same. Plaintiff further alleges that in said note the defendant agreed to pay attorneys' fee for collection, and ten dollars is hereby claimed as such fee."

JULIUS W. DAVIDSON,
Attorney for Plaintiff.

The plaintiff subsequently amended his complaint as follows:

"Comes the plaintiff and amends his complaint by adding thereto as follows: Plaintiff alleges that he did not bring suit against the maker of the note sued on within thirty days after the same became due, for the following reasons: 1st. Because by the use of ordinary diligence the place of residence of the maker could not be ascertained. 2d. Because the plaintiff was induced to delay bringing suit thereon by the acts or promises of the defendant, in this, that before said thirty days had elapsed, defendant told and promised plaintiff that he would assume the amount here mentioned, that he would pay one Mr. Lamb the amount here sued on, and

have the said Lamb to give the plaintiff credit for the amount sued on, on a debt or demand which plaintiff owed the said Lamb. And plaintiff said that defendant went with plaintiff to see the said maker of the note sued on, and told plaintiff he would buy a wagon from the maker of the note sued on and pay the amount sued on to plaintiff. And plaintiff says that defendant promised plaintiff if he would extend the time of payment of said note that defendant would execute his note to plaintiff for the amount sued on."

Whereupon, the defendant assigned the following grounds of demurrer to the amended complaint:

"1st. Because said complaint purports to be a suit on a note against the defendant and it shows on its face that defendant is not a maker thereof, or a joint maker.

2d. Because said complaint does not aver or show that a suit has been brought against the maker of the note, the subject of the suit.

3d. Because said complaint is uncertain and indefinite.

4th. Because said complaint does not set out the acts, or show in what manner or in what way defendant delayed or hindered plaintiff from suing on the original note.

5th. Because said complaint claims attorneys' fees when there was no such contract as shown by the indorsement set out in said complaint by which defendant agreed to pay attorneys' fees.

6th. Because said complaint does not aver or show that defendant agreed in any way to pay attorneys' fees, and this demurrer is assigned to that part of the complaint which claims attorneys' fees."

The demurrers were overruled, and the defendant interposed the plea of "The general issue."

The plaintiff introduced and offered in evidence a note substantially the same with indorsement thereon as set out in his complaint and testified substantially as follows: Some time in the fall of 1893 a short time before said note was due, that he and defendant met together and defendant requested him to make his money on said note; that he—defendant—told plaintiff, that the maker of said note lived in St. Clair county, Ala., and that he had promised, one Geo. Phillips, the party to whom he had endorsed the note, that he—defendant—would go

[Cole v. Tuck.]

with said Phillips and show him where the maker of said note lived. That he was ready to go with plaintiff and show him where said maker of the note lived, plaintiff further testified that a few days after said note became due he and defendant went together to the maker of said note, who resided in St. Clair county, an adjoining county to Blount, and while there the maker of said note offered to pay plaintiff if he would take property for the same. That plaintiff said he did not need the property and did not want it. Among the property that was offered in payment by the maker of said note, was a wagon. That he offered to take $15 00 for said wagon to be credited on said note. That plaintiff and defendant were both present during this conversation and that they left the maker without making any settlement of the matter. While plaintiff and defendant were returning home plaintiff asked defendant if he would not take the wagon at $15.00, and after discussing the matter for awhile, defendant offered to take the wagon at $5.00 if he could arrange to pay for it, whereupon plaintiff suggested that he owed one Jas. Lamb, and that if said Lamb would take the $15.00 on said defendant and give him credit for it, that defendant might have the wagon. Plaintiff went to see Lamb and he would not take the $15.00 on defendant and credit plaintiff with it. Plaintiff so informed defendant, whereupon defendant offered to give his own note for the note sued on, if plaintiff would extend the time of payment and plaintiff refused to take it. That afterwards, on Friday or Saturday before the 4th Sunday in November, plaintiff went again to defendant's house to see him about selling him said wagon, and while there defendant agreed to give his note to plaintiff, for said wagon for $15.00. That the defendant went back to the maker of said note to get said wagon, and when he got there the maker refused to let him have said wagon, saying he had given a mortgage on it for another debt since he had offered them said wagon, whereupon defendant returned home and on the following Monday plaintiff went over to see defendant about what he had done, and defendant told plaintiff why he did not get the wagon, telling him what transpired between him and maker of said note as before stated. Defendant offered to give his own note for what was due stating that he knew he would have it to pay.

[Cole v. Tuck.]

On cross examination said plaintiff stated that he had brought no suit on said note or made any effort to collect the same and defendant never at any time requested him to sue the maker of said note and never at any time requested him not to do so.

The testimony of the defendant tended to show substantially the same as that of plaintiff except defendant testified that at the time he and plaintiff had the conversation above referred to that he requested plaintiff to bring suit on the note against the maker and make his money, and that during the 30 days next after said note became due, he often requested him to sue the maker of said note and collect his money, and that he never at any time consented that plaintiff should hold up or extend the time to the said maker, and the time plaintiff says he agreed to give his note for said wagon, that this agreement was made only upon the agreement that he could get the wagon from the maker of said note and he could not get it for the reason hereinbefore stated, and at the time plaintiff came to see him after he and defendant had been to see the maker and tried to get the wagon and failed to get it, plaintiff did not request him to give a note for the same and that defendant told plaintiff at that time that he must sue the maker of said note and make his money and that this was the last conversation that plaintiff and defendant had about the matter until long after the 30 days had expired after the maturity of said note.

The defendant introduced the maker of said note, Mr. Garigas, who testified that he resided in St. Clair county, that plaintiff and defendant came to see him shortly after said note became due and for several months afterward. That plaintiff made no effort to collect said note from him except as hereinbefore stated by plaintiff and defendant.

This being all the evidence the court gave judgment for the plaintiff and against the defendant and to this judgment the defendant duly excepted.

Assignment of error. The trial court erred in overruling demurrers Nos. 1, 2, 3, 4, 5 and 6 and additional demurrers Nos. 1, 2, 3 and 4 to the last amended complaint and to the overruling of each of said demurrers an error is hereby assigned separately.

The court erred in rendering judgment for the plain-

[Cole ·v. Tuck.]

tiff and against the defendant upon the .evidence submitted.

InzĒr & Ward, for appellant.

J. W. Davidson, for appellee.·

HARALSON, J.—The defendant was certainly not chargeable with the $10, attorney's fee. He excluded it, by the terms of his endorsement, limiting his liability, as indorser to the note, to $15. only.. But demurrer was not the proper remedy. If that part of the complaint in respect to the attorney's fee, had been stricken, a good complaint would have remained. A motion to strike in such case, is the proper remedy, except in suits on penal bonds, assigning different breaches, some well. and others not well assigned.—*L. & N. R. R. Co. v. Hall*, 91 Ala. 118; *C. & W. R. Co. v. Bridges*, 86 Ala. 448; *Copeland v. Cunningham*, 63 Ala. 394. The demurrer to that part of the complaint claiming attorney's fees was,. therefore, properly overruled.

The demurrer to the entire complaint was also properly overruled, if on no other grounds, certainly for the reason, that the complaint set out several excuses for not having brought suit against the maker of the note indorsed by defendant, within the time required by, statute for instituting such suit to bind an indorser, some of which were certainly good.—3 Brick. Dig. 705, §§ 67, 68.

The facts on which the case was tried by the court, without a jury, do not sustain the complaint, and the finding of the court. The burden was on the plaintiff to make out his case. On his evidence, it is not clear he was entitled to a verdict, and the evidence of defendant makes a plain case against him.

The judgment of the court below is reversed, and one will be here rendered in favor of the defendant.

· Reversed and rendered.